IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Hannah Parker,<br><br>                Plaintiff,<br><br>vs.<br><br>Magna Innertech-Spartanburg,<br><br>                Defendant. | Civil Action No. 6:09-773-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion to dismiss (doc. 11). The plaintiff alleges causes of action against her former employer under Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1981 ("Section 1981"); the Fair Labor Standards Act ("FLSA"); the Age Discrimination in Employment Act ("ADEA"); and the Americans With Disabilities Act ("ADA").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

*Service of Summons and Complaint*

The plaintiff Hannah Parker filed a complaint against defendant Innertech on March 26, 2009. The plaintiff was at that time and still is represented by attorney Theo Mitchell. On April 2, 2009, the court issued a summons addressed to Innertech at its place of business, 304 John Martin Road, Spartanburg, South Carolina 29303. On August 4, 2009, Innertech was personally served with the summons and complaint, 131 days after the complaint was filed.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

The defendant has moved for dismissal of the plaintiff's complaint for failure to effect timely service pursuant to Rule 12(b)(5). The plaintiff opposes the motion, arguing that someone in the Clerk of Court's Office told Mr. Mitchell's assistant that the United States Marshals Service would serve the complaint (pl. resp. m. to dismiss, Clarissa Scott aff.). However, as argued by the defendant, Parker's counsel, Theo Mitchell, is responsible for service of the summons and complaint. He is charged with knowledge of the Rules and should have known that, even if the Marshals effected service, he needed to receive an ECF notice of the filing of a return of service. Having not received a return of service as the 120th day approached, it was counsel's responsibility to inquire as to the status of such service. Clearly, he did not do so. Mitchell cannot transfer his responsibility onto his assistant, who is not an attorney, is not charged with knowledge of the Rules, and does not represent Parker. Under the South Carolina Rules of Professional Responsibility Conduct 5.3, Mitchell has supervisory responsibility for his assistant, and her acts are conducted as if they are his. *See* Rule 5.3, Comment 1 ("The measures employed in supervising nonlawyers should take account of the fact that they do not have legal training and are not subject to professional discipline."). Furthermore, Mr. Mitchell should have been aware that while the court *may* order that service be made by the United States Marshals Service, this is generally done only when the plaintiff is authorized to proceed *in forma pauperis*, which is not the case here. Fed.R.Civ.P. 4(b).

The plaintiff also argues that this court's order on August 14, 2009, somehow moots this issue. In that order, this court stated in pertinent part:

2

> [S]ervice of the summons and complaint must be made within 120 days of the date the summons is issued (in this case, by July 27, 2009). To date, service has not been accomplished in this case. Now, therefore,
>
> IT IS ORDERED that the plaintiff shall have through September 3, 2009, to *provide the court with proof of proper service in this case*.

(Doc. 9). Notably, this court did not extend the time for service of the summons and complaint but instead simply gave a deadline for the plaintiff to provide proof of "proper service" to the court.

While this court finds that the plaintiff's counsel was at fault in failing to timely serve the defendant, in the interest of justice, this court does not recommend dismissal on that basis. The summons and complaint were served upon the defendant, albeit 11 days late, and the court may extend the time for service. Accordingly, this court will consider the defendant's other arguments for dismissal.

***EEOC Charge***

The defendant argues that the plaintiff's sex discrimination, retaliation, racially hostile work environment, disability discrimination, and age discrimination claims should be dismissed as they exceed the scope of her EEOC charge.[1] Under Title VII, the ADA, and the ADEA, a plaintiff must file a timely administrative charge and receive a notice of right-to-sue. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974); 42 U.S.C. § 2000e *et seq*.; 29 U.S.C. § 626(e); 42 U.S.C. § 12117(a). The plaintiff filed an EEOC charge of race discrimination under Title VII on April 1, 2008 (def. m. to dismiss, ex. B). The plaintiff's charge made no allegations of sex discrimination, retaliation, a racially hostile work environment, disability discrimination, or age discrimination, nor were those allegations

---

[1]The defendant does not move for dismissal of the Section 1981 claim, which does not require exhaustion of administrative prerequisites, on this ground.

3

subject to the EEOC's investigation or conciliatory process.  In answer to the question "Discrimination based on," the plaintiff checked only the box for "Race."  She stated as follows in the "Particulars" section of the charge:

> I am Black and worked for the above cited employer for approximately five months. I was the only Black female on the management team. my job title was Human Resource Manager. On March 4, 2008, I was terminated.  No reason was given. To my knowledge, I was replaced by Nicole Tomasek, (White).
>
> Sandra Levy, Division Human Resource Manager, made comments stating they needed to bring in more Germans and Canadians. In addition, Gary Justice Interim Manager has made derogatory comments about the Black employees.
>
> In addition, I recruited a well qualified male candidate for an Administrative Assistant vacancy; however I was told that I needed to hire an individual with a "bubbly" personality. Three female individuals were considered. The younger female minimally qualified was offered the job but she declined.
>
> I believe that my employer's actions are discriminatory based on my race. This was done in violation under Title VII of the Civil Rights Act of 1964, as amended.

(Def. m. to dismiss, ex. B).

The defendant argues that because they were not included in her EEOC charge, the plaintiff's Title VII sex, racially hostile work environment, and retaliation claims, and her ADA and ADEA claims, must be dismissed. *EEOC v. General Elec., Co.*, 532 F.2d 359, 365-66 (4th Cir. 1976) (the scope of a private action is defined by the scope of the administrative charge from which it arises and from any findings that arise out of the investigation of the charge).  This court agrees.  "The charge frames the scope of future litigation." *Chacko v. Patuxent Institution*, 429 F.3d 505, 506 (4th Cir. 2005).  "[O]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent… lawsuit." *Evans v. Technologies Applications & Serv. Co.*,

4

80 F.3d 954, 962-63 (4th Cir. 1996). Charges based upon a different theory of discrimination than was raised in the charge are barred. *Bryant v. Bell Atlantic Maryland, Inc.,* 288 F.3d 124, 133 (4th Cir. 2002).

The plaintiff argues that she made "inherent" and "implied" allegations of age, sex, disability, retaliation, and racially hostile work environment discrimination. This argument is meritless. As argued by the defendant, to accept such an argument, for which the plaintiff cites absolutely no support, would render the EEOC charge and investigatory and conciliatory process pointless. The very purpose of the EEOC charge is to put the EEOC and the employer on notice of an allegation of discrimination. The plaintiff put the EEOC and Innertech on notice of a charge of alleged race discrimination related to the termination of her employment.

The plaintiff also notes in her response that she was not represented by counsel at the time she filed her EEOC charge. Again, this argument is without merit. Less than one month before filing her EEOC Charge, Attorney Mitchell sent a letter to the defendant stating in the very first sentence: "I am Theo W. Mitchell, the retained attorney for Ms. Hannah Parker, your former employee…." Mitchell went on to state that the defendant "can certainly look forward to litigation in this matter" (def. reply, ex. A). Accordingly, the portrayal of the plaintiff as unrepresented participant in the EEOC's administrative process is disingenuous.

Based upon the foregoing, the plaintiff's claims under the ADA and ADEA and the racially hostile work environment, sex, and retaliation claims under Title VII should be dismissed as they are procedurally barred.[2]

---

[2]Notably, the plaintiff also makes absolutely no allegations in her complaint supporting her disability and age discrimination claims.

*FLSA*

Lastly, the defendant argues that the plaintiff's claim under the FLSA should be dismissed because, other than providing the citation to the statute in paragraphs 4 and 11, the plaintiff makes no allegations of a violation of the FLSA in her complaint. The plaintiff argues that she "impliedly makes allegations of a violation of the FLSA" by citing the statute. She further states that she "impliedly makes factual allegations of failure to pay wages under the FLSA." The plaintiff's complaint states absolutely no factual allegations of failure to pay wages. Again, she cites absolutely no support for her argument, and adoption of her position by this court would render the notice pleading standard meaningless. Accordingly, the FLSA claim should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 11) should be granted in part and denied in part as set forth above.

s/William M. Catoe
United States Magistrate Judge

December 8, 2009

Greenville, South Carolina =