

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| HANNAH PARKER, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:09-773-HFF-WMC |
| | § | |
| MAGNA INNERTECH-SPARTANBURG, | § | |
|     Defendant. | § | |

## ORDER

This case was filed as an employment discrimination action. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's motion to dismiss be granted in part and denied in part. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 8, 2009, and Defendant filed its objections to the Report on December 9, 2009. Plaintiff failed to file any objections. In the absence

of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

      A.      *Defendant's Insufficiency of Service of Process Argument*

In the Report, the Magistrate Judge first considered Defendant's argument that Plaintiff's complaint should be dismissed in its entirety for failure to serve Defendant within 120 days as required by Federal Rule of Civil Procedure 4(m). In this case, Defendant was served on day 131. The Magistrate Judge concluded that Plaintiff's counsel was at fault for failing to timely serve Defendant, but, in the interests of justice, he did not recommend dismissal on this basis. Defendant objected only to this portion of the Magistrate Judge's Report.

In its objections, Defendant highlights the language of Fed. R. Civ. P. 4(m), which states,

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphases added). Defendant insists that the language of the rule is mandatory and that Plaintiff has failed to show good cause to overcome the rule's mandate of dismissal.

The Court agrees with Defendant that the language of Rule 4(m) is, at least in part, mandatory,[1] but the rule also mandates an extension where a plaintiff demonstrates good cause for failure to effectuate service. Thus, the primary question presented by Defendant's objections is

---

[1]The mandatory nature of Rule 4(m) is further explored in footnote two.

2

whether Plaintiff has shown good cause for failure to serve Defendant within the time prescribed by the federal rules.

In her reply to Defendant's motion to dismiss, Plaintiff contends that the Magistrate Judge's Order dated August 14, 2009, giving the Plaintiff through September 3, 2009, to provide proof of service actually moots Defendant's argument because the Magistrate Judge effectively extended the deadline in which to effectuate service. However, as explained in the Report, this argument is meritless because the Magistrate Judge's Order merely extended the deadline in which to file proof of service. (Report 3.) Plaintiff also argues that there was a misunderstanding involving the means of service in this case. Plaintiff's counsel's assistant provided a sworn affidavit affirming, among other things, that she spoke to someone in the Clerk of Court's office who informed her that the United States Marshal would serve Defendant.

It is well established that mere inadvertence and ignorance of the federal rules does not constitute good cause to extend the time for service. *See, e.g., Vincent v. Reynolds Memorial Hosp., Inc.,* 141 F.R.D. 436, 437 (N.D. W. Va. 1992) (noting same). It is equally well-established that, at least when a pro se prisoner plaintiff is involved, reasonable reliance on the United States Marshal to effectuate service is good cause. *See, e.g., Greene v. Holloway*, No. 99-7380, 2000 U.S. App. LEXIS 4475 at *3 (4th Cir. Mar. 20, 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995) (noting Marshals Service's failure to serve could be "good cause" under Rule 4(m))). However, the facts of this case necessitate a synthesis of these two rules as Plaintiff is represented by counsel who, evidently, relied on the statement of someone in the Clerk of Court's office that the United States Marshal would serve Defendant.

The Court agrees with the Magistrate Judge that Plaintiff's counsel should have been aware of the rules of procedure and his responsibility under those rules. However, the Court is hesitant to punish Plaintiff for her attorney's mistake, especially here where that mistake was based on the faulty advice of someone in the Clerk's office who stated that the United States Marshal would effectuate service. *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) ("Good cause exists when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.") (citation omitted). Though Plaintiff's counsel's hands-off approach towards service is not to be encouraged, the Court finds that Plaintiff has shown "good cause" to justify an extension of the 120-day service requirement given Plaintiff's counsel's reliance on the Clerk's office. Therefore, Defendant's motion to dismiss under Rule 12(b)(5) will be denied.

Alternatively, because Plaintiff's counsel relied on the faulty advice of the Clerk's office and because only eleven days elapsed between the deadline for service and the date in which Defendant was actually served, the Court exercises its discretion under Rule 4(m) and retroactively grants Plaintiff a fifteen day extension of time in which to serve Plaintiff.[2] *See* Fed. R. Civ. P. 4(m) ("[T]he court . . . must dismiss the action without prejudice against that defendant *or order that service be*

---

[2]The Court is reluctant to rely primarily on its discretionary authority in light of the Court of Appeals for the Fourth Circuit's statement that "[w]hether the court acts before or after the deadline for service has passed, however, the court may only grant the extension for good cause." *Mendez v. Elliot*, 45 F.3d 75, 79 (4th Cir. 1995). However, the validity of *Mendez* has been questioned by the Fourth Circuit and numerous district courts. *See, e.g., Scruggs v. Spartanburg Reg'l Med. Ctr.*, No. 98-2364, 1999 U.S. App. LEXIS 26227 at *5 (4th Cir. Oct. 19, 1999) (questioning validity of *Mendez* in light of Supreme Court opinion); *DiPaulo v. Potter*, 570 F. Supp. 2d 802, 805-807 (M.D.N.C. 2008) (noting that Rule 4(m) gives courts discretion to grant extensions of time without a showing of good cause and collecting cases distinguishing *Mendez*).

*made within a specified time*) (emphasis added); *see also Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996) (noting Rule 4(m) allows district court to enlarge the time for service "even if there is no good cause shown"). Thus, Plaintiff's service in this case was proper and Defendant's motion to dismiss under Rule 12(b)(5) is denied.

  *B. Defendant's Argument that Plaintiff's Complaint Fails to State a Claim*

In the remainder of the Report, the Magistrate Judge recommended dismissing as procedurally barred Plaintiff's claims under the Americans with Disabilities Act (ADA) and Age Discrimination in Employment Act (ADEA) and racially hostile work environment, sex discrimination, and retaliation claims under Title VII. The Magistrate Judge further recommended dismissing Plaintiff's Fair Labor Standards Act (FLSA) claim. Neither party objected to this portion of the Report. Because the Court finds the Magistrate Judge's analysis to be legally sound, the Court will adopt that portion of the Report in its entirety.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendant's objections, adopts the Report to the extent it is not inconsistent with this Order and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims under the ADA, ADEA, FLSA, and racially hostile work environment, sex discrimination, and retaliation claims under Title VII are **DISMISSED** *without prejudice*.

  **IT IS SO ORDERED**.

Signed this 29th day of December, 2009, in Spartanburg, South Carolina.

              s/ Henry F. Floyd
              HENRY F. FLOYD
              UNITED STATES DISTRICT JUDGE